<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DIALECTIC DISTRIBUTION, LLC, *Plaintiff*, v. 212 PINECREST ROAD, LLC, et al., *Defendants*. | Civil Action No. 24-11388 **OPINION** September 30, 2025 |

**SEMPER**, District Judge.

The current matter comes before the Court on Plaintiff Dialectic Distribution LLC's ("Plaintiff") Motion to Appoint a Receiver or Fiscal Agent (ECF 12-1, "Pl. Mot.") and Defendants 212 Pinecrest Road, LLC, 367 Lake Avenue, LLC, 1633 Holbrook Street, LLC, 631 Irving Place, LLC, 80 Larking Place, LLC, 432 Harnell Avenue, LLC, and 451 Harnell Avenue, LLC's (collectively "Defendants") Motion to Strike. (ECF 15-1, "Def. Mot.") The Court has decided these motions upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendants' Motion to Strike is **DENIED** and Plaintiff's Motion to Appoint a Receiver or Fiscal Agent is **DENIED**.

**I.    <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]</u>**

Plaintiff Dialectic Distribution LLC is a New Jersey limited liability company that is a wholesale distributor of electronic parts and communication equipment. (ECF 1-1, "Compl." ¶ 1.)

---

[1] The facts herein are drawn from the Complaint (ECF 1-1) and the parties' various filings in support of and opposition to their motions. (*See* ECF 12, 13, 14, 15, 18, 19.)

Defendants are limited liability companies located in Oakhurst, New Jersey, whose members are Shoshana Ostron and Ari Cameo. (*Id.* ¶¶ 2-8.) From 2016 through 2019, Digital Direct & More, Inc., a company owned by David Cameo, purchased $1.3 million of electronics from Plaintiff and did not render any payment in exchange for those goods. (*Id.* ¶ 12.) Plaintiff alleges that David Cameo transferred $1.3 million to his brother Ari Cameo and wife Shoshana Ostron. (*Id.* ¶ 13.) Plaintiff alleges that in an effort to hide this debt from creditors, Ari Cameo and Shoshana Ostron purchased seven properties in Oakhurst, New Jersey at 212 Pinecrest Road, 367 Lake Ave, 1633 Holbrook Street, 631 Irving Place, 80 Larkin Place, 432 Harnell Avenue, and 451 Harnell Avenue (the "Properties"). (*Id.* ¶ 14.) Plaintiff further alleges that Ari Cameo and Shoshana Ostron created seven limited liability companies, Defendant-LLCs, for the purpose of shielding their and David Cameo's involvement. (*Id.* ¶ 15.)

On April 30, 2024, a Bankruptcy Court found that David Cameo and his company Digital Direct were liable to Amazon for fraud in the amount of $2,183,162.40. (*Id.* ¶ 20, Ex. B at 33.) In that April 30 opinion, the court named Plaintiff Dialectic Distribution, LLC as a creditor of Digital Direct and acknowledged the $1.3 million debt owed to Plaintiff. (Compl. ¶¶ 21-22, Ex. B at 33.) The Bankruptcy Court noted that despite Shoshana Ostron never earning more than $407,000 in any year, she and Ari Cameo acquired the seven pieces of real property in New Jersey for an aggregate purchase price of over $2 million. (*Id.* ¶ 24.)

Plaintiff filed this action in state court on November 22, 2024, alleging that Defendants had fraudulently conveyed funds belonging to Plaintiff in violation of the New Jersey Uniform Fraudulent Transfer Act, N.J. Stat. Ann. § 25:2-20 *et seq*. (*Id.* ¶¶ 25-29.) Plaintiff sought monetary and injunctive relief in the form of a constructive trust, attachment, and appointment of receiver in the second and third counts of its Complaint. (*Id.* ¶¶ 37-44.) Specifically, Plaintiff seeks the

placement of "a Constructive Trust on all monies received by Defendants[,]" "Attachment of Real Estate;" as well as "Appointment of a Receiver over the Defendants and impose an injunction against Defendants from selling any assets." (*Id.* ¶ 44.)  Defendants removed the action to federal court on December 23, 2024. (ECF 1.)  On December 31, 2024, Plaintiff filed a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction barring Defendants from selling any assets and asking this Court to appoint a receiver and impose a constructive trust. (ECF 7.)  On January 2, 2025, this Court held oral argument on Plaintiff's motion and denied the TRO and request for injunctive relief. (ECF 11, "Jan. Order".)  On January 20, 2025, Plaintiff filed the instant Motion to Appoint a Receiver or Fiscal Agent; Defendants opposed (ECF 13, "Def. Opp.") and Plaintiff replied (ECF 14, "Pl. Reply").

On February 20, 2025, "Defendants learned, for the first time, that Plaintiff's counsel, David Rubenstein, had filed seven separate lis pendens" on the subject properties on December 19, 2024.  (Def. Mot. ¶ 9; *see* ECF 15-3, Notices of Lis Pendens.)  On February 24, 2025, Defendants filed the instant Motion to Strike, asking this Court to discharge the seven lis pendens. (Def. Mot. ¶ 10.)  Plaintiff filed an opposition (ECF 18, "Pl. Opp.") and Defendants filed a reply (ECF 19, "Def. Reply").  Defendants' Motion to Strike also contained a request for relief in the form of a preliminary injunction "barring Plaintiff and its counsel from filing any further such lis pendens." (Def. Mot. ¶ 10.)  This Court held a hearing on July 3, 2025 and denied Defendants such injunctive relief.  (ECF 32, July Order.)

## II. **MOTION TO STRIKE LIS PENDENS**

Defendants move to strike the seven lis pendens that Defendants allege are preventing them from selling the Properties because "the unwarranted lis pendens create a cloud of title for each of the subject properties." (Def. Mot. ¶¶ 10, 15).  Defendants argue that this Court must discharge

the lis pendens because Defendants were not properly served with their notices, and because Plaintiff seeks only a monetary judgment against Defendants when New Jersey law requires Plaintiff to have a disputed interest in the real property. (*Id.* ¶¶ 22, 25.)

New Jersey law permits the filing of a lis pendens where the party filing claims "an interest in the real estate affected by the notice of lis pendens." N.J. Stat. Ann. § 2A:15-7(b). "The primary purpose of [a] lis pendens is to preserve the property which is the subject matter of the lawsuit from actions of the property owner so that full judicial relief can be granted, if the plaintiff prevails." *Manzo v. Shawmut Bank, N.A.*, 677 A.2d 224, 226 (N.J. Super. Ct. App. Div. 1996) (citation omitted). New Jersey law specifically provides a party the right to file a motion to discharge a lis pendens under Section 2A:15-7(b), and places the burden on the filer of the lis pendens to show that "there is a probability that final judgment will be entered in favor of the plaintiff sufficient to justify the filing or continuation of the notice of lis pendens." N.J. Stat. Ann. § 2A:15-7(b).

"A motion to discharge a *lis pendens* may be granted only if the complaint fails to recite unequivocally a cause of action entitling plaintiff to the *lis pendens*." *Gabel v. Pines*, No. 88-1509, 1988 WL 68895, at *2 (D.N.J. June 15, 1988). Defendants misconstrue Plaintiff's claim for relief by arguing that Plaintiff "is seeking monetary damages against the Defendants, not the recovery of those properties." (Def. Mot. ¶ 16.) Defendants also misconstrue the case law, which does not require Plaintiff to seek "the recovery of those properties" (*id.*), but rather requires the Court to consider whether Plaintiff's claim "affect[s] the title to real estate or a lien or encumbrance thereon, as required by N.J.S.A. § 2A:15-6." *CMT Dev. LLC v. Acier Holdings LLC*, No. 21-12517, 2023 WL 2263750, at *3 (D.N.J. Feb. 28, 2023) (internal citations and quotations omitted).

"New Jersey law is clear that a request for the imposition of a constructive trust upon real property justifies the filing of a lis pendens." *Id.* at *3 (denying motion to discharge a lis pendens when constructive trust was sought) (citing *Polk v. Schwartz*, 399 A.2d 1001, 1005 (N.J. Super. Ct. App. Div. 1979) ("There is no doubt that an action to impress a constructive trust on realty affects title to that property, so that a notice of lis pendens may be filed under a statute such as ours"); *Gabel*, 1988 WL 68895, at *2 (upholding lis pendens where complaint, taken as true, sought the imposition of a constructive trust upon real property); *O'Boyle v. Fairway Products, Inc.,* 404 A.2d 365, 365 (N.J. Super. Ct. App. Div. 1979) (upholding lis pendens where the complaint "clearly and unequivocally demanded judgment imposing a constructive trust on certain real property"). And, "[i]n considering whether the object of an action affects title to real property, courts look only to the underlying complaint." *Fernandes v. Deutsche Bank Nat'l Tr. Co.,* 157 F. Supp. 3d 383, 386 (D.N.J. 2015) (quotations and citations omitted).

Here, Plaintiff's Complaint explicitly seeks a constructive trust. (Compl. ¶¶ 37, 44.) "Imposition of a constructive trust on realty undoubtedly affects title to that property, thus permitting the filing of a lis pendens." *Gabel*, 1988 WL 68895, at *2 (denying motion to discharge because filer of lis pendens set forth a cause of action seeking imposition of a constructive trust) (citing *Polk*, 399 A.2d at 1005). Moreover, the Court is unpersuaded by Defendants' argument that it was not properly served with the notices of lis pendens. The instant lawsuit was originally filed on November 22, 2024, almost one month before the notices of lis pendens were filed in Bergen County (*see* ECF 15-3), which gave Defendants adequate notice of Plaintiff's interest in the Properties.[2] Accordingly, Defendants' Motion to Strike is **DENIED**.

---

[2] "At common law, the filing of a lawsuit alone provided constructive notice to any subsequent purchaser or lienholder of a pending contest concerning title to the property." *Fernandes*, 157 F. Supp. 3d at 386.

### III. <u>MOTION TO APPOINT RECEIVER OR FISCAL AGENT</u>

Plaintiff asks this Court to appoint a rent receiver "to avoid any further fraudulent transfers or dissipation of assets." (Pl. Mot. at 5.) Defendants argue that this Motion is "duplicative" of the relief that Plaintiff already sought and was denied. (Def. Opp. at 3.) Plaintiff acknowledges that this Court denied its request for an appointment of a receiver at the January 2, 2025 preliminary injunction hearing, but "now brings this Motion via standard motion practice and without having to meet the higher standards for a preliminary injunction." (Pl. Mot. at 6.)

Under Federal Rule of Civil Procedure 66, "a court may, in its discretion, appoint a receiver pendente lite." *Leone Indus. v. Assoc. Packaging, Inc.*, 795 F. Supp. 117, 120 (D.N.J. 1992). "As a general rule, moreover, receivers are appointed only when the party seeking receivership has an equitable interest in the property to be seized or . . . judgments that cannot otherwise be satisfied." *Id.* (internal quotations and citations omitted). A court-appointed receiver is appropriate "only on a showing of fraud or the imminent danger of property being lost, injured, diminished in value, or squandered, and where legal remedies are inadequate." *Id.* (citing *McDermott v. Russell*, 523 F. Supp. 347, 352 (E.D. Pa. 1981), *aff'd*, 722 F.2d 732 (3d Cir. 1983)).

Here, there is no "imminent danger of property being lost, injured, diminished in value, or squandered" while the lis pendens remain on the Properties. *Id.* "The primary purpose of [a] lis pendens is to preserve the property which is the subject matter of the lawsuit from actions of the property owner so that full judicial relief can be granted, if the plaintiff prevails." *Manzo*, 677 A.2d at 226. Plaintiff's argument that "[t]his relief is needed as all the properties are listed for sale and the Defendants are trying to further avoid creditors" is moot in light of this Court's denial of Defendants' motion to discharge the lis pendens. (Pl. Mot. at 7.) While the lis pendens remain on

the Properties, Defendants may not sell the Properties or dissipate their assets, thus obviating the need for a rent receiver or fiscal agent "to safeguard the properties to avoid harm[.]" (*Id.*)

Accordingly, Plaintiff's Motion is **DENIED**.

### IV.     <u>CONCLUSION</u>

For the reasons stated above, Defendants' Motion to Strike (ECF 15) is **DENIED**. Plaintiff's Motion to Appoint a Receiver (ECF 12) is also **DENIED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Andre M. Espinosa, U.S.M.J.
       Parties