<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DIALECTIC DISTRIBUTION, LLC, *Plaintiff*, v. 212 PINECREST ROAD, LLC, et al., *Defendants*. | Civil Action No. 24-11388 **OPINION** February 4, 2026 |

**SEMPER**, District Judge.

The current matter comes before the Court on Defendants 212 Pinecrest Road, LLC, 367 Lake Avenue, LLC, 1633 Holbrook Street, LLC, 631 Irving Place, LLC, 80 Larking Place, LLC, 432 Harnell Avenue, LLC, and 451 Harnell Avenue, LLC's (collectively "Defendants") motion to dismiss Plaintiff Dialectic Distribution LLC's ("Plaintiff") Complaint (ECF 1-1, "Compl."). (ECF 17, "Mot.") The Court has decided these motions upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendants' motion to dismiss is **GRANTED**.

**I.     <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>[1]**

Plaintiff Dialectic Distribution, LLC is a New Jersey limited liability company that is a wholesale distributor of electronic parts and communication equipment. (Compl. ¶ 1.) Defendants are limited liability companies ("LLCs") located in Oakhurst, New Jersey, whose members are

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1-1) and documents integral or relied upon by the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The Court may also consider matters of public record. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

1

Shoshana Ostron and Ari Cameo. (*Id.* ¶¶ 2-8.) From 2016 through 2019, Digital Direct & More, Inc. ("Digital Direct"), a company owned by David Cameo ("Cameo"), purchased $1.3 million of electronics from Plaintiff and did not render any payment in exchange for those goods. (*Id.* ¶ 12.) Plaintiff alleges that Cameo transferred $1.3 million to his wife Shoshana Ostron ("Ostron") and his brother Ari Cameo ("Ari"). (*Id.* ¶ 13.) Plaintiff alleges that Ari and Ostron purchased seven properties in Oakhurst, New Jersey at 212 Pinecrest Road, 367 Lake Ave, 1633 Holbrook Street, 631 Irving Place, 80 Larkin Place, 432 Harnell Avenue, and 451 Harnell Avenue (the "Properties") in an effort to hide this debt from creditors. (*Id.* ¶ 14.) Plaintiff further alleges that Ari and Ostron created seven limited liability companies, Defendant-LLCs, for the purpose of shielding their and Cameo's involvement. (*Id.* ¶ 15.)

On July 13, 2021, Cameo filed a voluntary petition for relief under Chapter 7 bankruptcy in New York. (*Id.* ¶ 17.) The present litigation is one of several cases filed in courts in New York and New Jersey concerning Cameo's debts and bankruptcy.[2] On April 30, 2024, a Bankruptcy Judge in the Eastern District of New York found that Cameo and his company Digital Direct were liable to Amazon for fraud in the amount of $2,183,162.40. (*Id.* ¶ 20; Ex. B at 33.) In its April 30 opinion, the bankruptcy court named Plaintiff Dialectic Distribution, LLC as a creditor of Digital Direct and acknowledged the $1.3 million debt owed to Plaintiff. (*Id.* ¶¶ 21-22; Ex. B at 33.) The bankruptcy court noted that despite Ostron never earning more than $407,000 in any year, she and

---

[2] *See e.g.*, *Doyaga v. Cameo (In re Cameo)*, No. 21-41803, Adv. No. 22-01053 (Bankr. E.D.N.Y. filed July 11, 2022); *Dialectic Distribution, LLC v. Cameo*, No. 20-7903, 2022 WL 20681072 (D.N.J. Nov. 9, 2022); *Digital Direct & More, Inc. v. Dialectic Distribution, LLC*, 217 N.Y.S.3d 160 (App. Div. 2024); *In re Cameo*, 661 B.R. 275 (Bankr. E.D.N.Y. 2024); *Amazon.com Servs. LLC, v. Digital Direct & More, Inc.*, No. 24-7617 (E.D.N.Y. May 21, 2025); *Cameo v. Amazon.com Servs. LLC*, No. 24-3628, 2025 WL 2782362, (E.D.N.Y. Sept. 29, 2025).

Ari acquired the seven pieces of real property in New Jersey for an aggregate purchase price of over $2 million. (*Id.* ¶ 24.)

On July 11, 2022, the trustee assigned to Cameo's Chapter 7 bankruptcy (the "Trustee") commenced an adversary proceeding against Ari and Ostron to recover allegedly fraudulent conveyances. (*See* ECF 17-6, "Ex 4".) The Trustee alleged that in 2018, when Cameo was insolvent, he transferred his 50% interest in Digital Direct to Ari for no consideration. (*Id.* ¶¶ 25, 29-30.) The Trustee also alleged that Cameo and the defendants transferred the salary or distributions that would have been due to Cameo from his previous stake in Digital Direct to his wife and disguised those transfers as her salary. (*Id.* ¶¶ 37, 45.) On September 26, 2023, the court approved a settlement resolving the Trustee's claims that required Ari and Ostron to pay the Trustee $460,000 (the "Trustee Settlement"). (*See* ECF 17-7, Settlement, "Ex. 5"; ECF 17-8 Order, "Ex. 6".)

Plaintiff filed this action in state court on November 22, 2024, alleging in Count One that Defendants had fraudulently conveyed funds belonging to Plaintiff in violation of the New Jersey Uniform Fraudulent Transfer Act, N.J. Stat. Ann. § 25:2-20 *et seq.* (Compl. ¶¶ 25-29.) Plaintiff seeks to pierce the corporate veil in Count Two and seeks injunctive relief in the form of a constructive trust, attachment, and appointment of receiver in the third count of its Complaint.[3] (*Id.* ¶¶ 32-44.) Defendants answered Plaintiff's Complaint on December 19, 2024. (ECF 1-2, "Ans.") Defendants removed the action to federal court on December 23, 2024. (ECF 1.) Defendants filed the instant motion on March 17, 2025, seeking to dismiss each of Plaintiff's three

---

[3] Plaintiff's third claim for injunctive relief in the form of an attachment or appointment of a receiver was rejected by this Court in its opinion dated September 30, 2025. (ECF 45.) This claim has therefore been dismissed and is not the subject of this Opinion.

claims. (*See generally* Mot.) Plaintiff opposed the motion (ECF 20), and Defendants filed a reply. (ECF 21).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.,* 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A claim that sets forth "labels and conclusions" or "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 555 U.S. at 678 (cleaned up).

The Court must construe Defendants' motion as a 12(c) motion for judgment on the pleadings rather than a 12(b)(6) motion to dismiss, because Defendants filed the present motion

4

after filing their Answer. *See Taylor v. CDS Advantage Sols.*, No. 22-2803, 2024 WL 1048124, at *10 (D.N.J. Mar. 9, 2024).[4] A motion made after an answer is filed is a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Hackensack Riverkeeper, Inc. v. Delaware Ostego Corp.*, 450 F. Supp. 2d 467, 484 (D.N.J. 2006). The standard under which the Court must analyze a Rule 12(c) motion for judgment on the pleadings is the same as the standard as a motion to dismiss under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(h)(2); *see also Turbe v. Government of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir.1991). Accordingly, this Court will interpret the instant motion as a Rule 12(c) motion for judgment on the pleadings.

## III.    DISCUSSION

Defendants maintain that Plaintiff's Complaint must be dismissed because Count One is time-barred and because the Trustee Settlement released all claims against Ari and Ostron. (Mot. at 6-8.) Defendants also argue that Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata because Plaintiff's Complaint is based on the same facts as the Trustee Settlement with Ari and Ostron. (*Id.* at 8-11.) Plaintiff responds that its claim is not time-barred, and that this Court should reject Defendants' collateral estoppel, res judicata, and settlement-release arguments. (Opp. at 5-10.) The Court will first address Defendants' argument predicated on res judicata.

In order to prevail on a defense of res judicata, a defendant must demonstrate that there has been: (1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action. *Elkadrawy v. Vanguard Grp.,*

---

[4] *See also Mun. Revenue Servs., Inc. v. Xspand, Inc.,* No. 05-00671, 2005 WL 1367416, at *1 (M.D. Pa. June 8, 2005) ("[I]f a party files a Rule 12(b)(6) motion after filing its answer, the district court should simply treat the motion as one for judgment on the pleadings under Rule 12(c). The standard governing Rule 12(c) motions is the same as that governing Rule 12(b)(6) motions" (citations omitted)).

5

*Inc.*, 584 F.3d 169, 172–73 (3d Cir. 2009) (citing *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). "Although the contours of a bankruptcy case make its application somewhat more difficult than in other contexts, the doctrine of res judicata is fully applicable to bankruptcy court decisions." *In re Target Indus., Inc.*, 328 B.R. 99, 115–16 (Bankr. D.N.J. 2005) (citing *Katchen v. Landy*, 382 U.S. 323, 334 (1966)). "Courts have consistently held that an order based upon a settlement agreement constitutes a binding order for res judicata purposes." *In re Tzanides*, 574 B.R. 489, 519 (Bankr. D.N.J. 2017) (citing *Weber v. Henderson*, 33 F. App'x 610, 611–13 (3d Cir. 2002) ("For purposes of res judicata, final judgment on the merits occurred when the District Court approved settlement and dismissed the case..."). Moreover, res judicata is applicable to final orders issued by a bankruptcy court. *See, e.g., NovaCare Holdings, Inc. v. Mariner Post–Acute Network, Inc. (In re Mariner Post–Acute Network, Inc.),* 267 B.R. 46, 52–53 (Bankr D. Del. 2001) (citing numerous cases for the proposition that final orders of a bankruptcy court are given res judicata effect). Thus, Defendants have met the first prong of their res judicata defense.

Plaintiff contends that "the Trustee's Complaint did not involve the same parties [] here since none of the Defendants in this case were part of the Trustee's case, and the Plaintiff in this case was not a party to the Trustee's case." (Opp. at 10.) Defendants argue that "Plaintiff was a creditor in Cameo's bankruptcy and in privity with the bankruptcy trustee[.]" (Mot. at 10.) "A privy is one who is so identified in interest with another that he represents the same legal right." *In re Tzanides*, 574 B.R. at 516 (internal citation omitted). The Supreme Court in *Taylor v. Sturgell* held that nonparty claim preclusion (res judicata) applies if there were pre-existing "substantive legal relationship[s] between the person to be bound and a party to the judgment." 553 U.S. 880, 894 (2008) (internal citation and quotations omitted). Here, the relationship between the Trustee and Plaintiff, a creditor of Cameo's bankruptcy estate, is a substantive legal relationship because

a trustee "represents the interests of all creditors of the Debtor's bankruptcy estate." *In re Worldcom, Inc.*, 401 B.R. 637, 646 (Bankr. S.D.N.Y. 2009) (citing *Corzin v. Fordu* (*In re Fordu*), 201 F.3d 693, 705 (6th Cir.1999)). Moreover, the Supreme Court in *Taylor* also found that "a nonparty may be bound by a judgment because she was adequately represented by someone with the same interests who was a party to the suit." *Taylor*, 553 U.S. at 894 (cleaned up). Because Plaintiff, as a creditor of Cameo's bankruptcy estate, had a direct legal stake in the distribution of those assets, the Trustee and Plaintiff had the same interests and are in privity.

Defendants in this lawsuit are LLCs, whose sole members are Ari and Ostron, which is enough to establish a substantive legal relationship. Furthermore, Plaintiff's Complaint alleges that because of "Ostron and Ari Cameo's complete exercise of dominion and control, the LLC's operated as the alter ego of Ostron and Ari Cameo. The corporate entity should be disregarded and the Defendants, Ostron, and Ari Cameo treated as one and the same for purposes of the debts and obligations incurred." (Compl. ¶ 35.) The Court therefore finds that for res judicata purposes, Ostron and Ari are in privity with Defendant-LLCs. Defendants have established the second prong of their res judicata defense.

To assess conformance with the third prong, which requires the same cause of action or the "same transaction or occurrence," *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 599 (1991), courts must consider the following four factors:

> (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions)...; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first)...; and (4) whether the material facts alleged are the same.

*Culver v. Ins. Co. of N. Am.*, 559 A.2d 400 (1989) (citations omitted) ("the doctrine of *res judicata* applies unless the causes of action and essential issues were not substantially the same");

*accord Mattson v. Hawkins (In re Hawkins)*, 231 B.R. 222, 229 (Bankr. D.N.J. 1999). Within the Third Circuit, a cause of action should be barred only where "the factual underpinnings, theory of the case, and relief sought against the parties to the proceeding are so close to a claim actually litigated in the bankruptcy that it would be unreasonable not to have brought them both at the same time in the bankruptcy forum." *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 337–38 (3d Cir. 2000).

The Trustee's eighteen count complaint against Ari and Ostron includes fourteen claims of fraudulent conveyance in violation of New York law and the federal bankruptcy code. (*See* Ex 4.) The Trustee's fraudulent conveyance claims are grounded in two general allegations: (1) in March 2018 Cameo transferred his 50% interest in Digital Direct to his brother Ari for no consideration or a reasonable equivalent value, with actual intent to hinder, delay, or defraud his creditors (*id.* ¶ 25), and (2) from 2018 through 2021, Ostron received an inflated salary from Digital Direct, which was in essence a "front" to transfer Cameo's distribution and salary that he would have received from his forfeited 50% interest, in an attempt to shield these funds from his creditors. (*Id.* ¶¶ 37, 45.)

This is the exact basis of the fraudulent conveyance claim that Plaintiff brings before this Court. Plaintiff characterizes the instant claim in its brief as the following: "In an apparent attempt to evade financial responsibilities and conceal assets from creditors like [Plaintiff], Cameo and Digital Direct transferred the debt owed to Dialectic to Cameo's wife, Shoshana Ostron, and his brother, Ari Cameo." (Opp. at 6.) Plaintiff alleges that Ostron and Ari bought property and created LLCs to "further shield these assets" and "obscure their ownership[.]" (*Id.*) As evidence of the fraudulent transfers, Plaintiff's Complaint cites Ostron's inflated salary totaling $1.6 million. (Compl. ¶ 22.) The Complaint does not offer any details regarding the transfer to Ari from Cameo

and Digital Direct, but alleges that the transfers to Ostron and Ari totaled over $2 million, which roughly aligns with the 50% interest in Digital Direct that Cameo transferred to Ari in 2018. (*See id.* ¶ 28; Ex. 4 ¶ 26.)

Plaintiff maintains that this Court must reject Defendants' claim preclusion arguments because "this argument was already attempted and rejected" by courts in New York. (Opp. at 9.) In a May 21, 2025 opinion denying Digital Direct, Ari Cameo, and Shoshana Ostron's motion to dismiss Amazon.com's complaint, the Honorable Hector Gonzalez rejected defendants' res judicata arguments because Amazon "as distinct from the Trustee, seeks to prosecute different conduct that it claims harmed it." *Amazon.com Servs. LLC v. Digital Direct & More, Inc.*, No. 24-7617, 2025 WL 1456501, at *7 (E.D.N.Y. May 21, 2025). Judge Gonzalez acknowledged the "similarity between the two actions" but reasoned that in the case before him, "the fraudulent transfer claims seek to hold [Digital Direct] and Ari liable for transfers" made from Jersey Cameras 2 Inc. ("JC2"), owned by Cameo, to Digital Direct. *Id.* The fraudulent transfer claims before the court were "a different transaction than the one at issue in the settled adversary proceeding, which involved the transfer of David [Cameo]'s interest in [Digital Direct] and Shoshana's salary." *Id.* Judge Gonzalez noted further that "the complaint in the adversary proceeding did not even mention JC2 nor the transfers from it to [Digital Direct]." *Id.*; *c.f. Cho v. Seventh Ave. Fine Foods Corp.*, No. 11-3436, 2016 WL 1717214, at *4 (S.D.N.Y. Apr. 28, 2016) (applying res judicata in a civil suit where a prior bankruptcy appeal and complaint in the civil suit "recite[d] precisely the same factual, and significantly overlapping legal, contentions").

Here, the Complaint relies explicitly on the transfers alleged in the adversary proceeding— to Ari as well as Ostron's "salary" transfers from Digital Direct. Judge Gonzalez's ruling therefore supports the application of res judicata in this action: the complained of transfers here are "the

9

same transaction or occurrence" as the fraudulent transfer claims settled between Ari, Ostron, and the Trustee.[5] *Jones v. Holvey*, 29 F.3d 828, 830 (3d Cir. 1994); *see also Kolodzij v. Borough of Hasbrouck Heights*, No. 18-00481, 2019 WL 2710663, at *3 (D.N.J. June 28, 2019) ("The claims asserted in the present litigation arise out of the same exact events that gave rise to the prior litigation, and therefore the Court finds there was a subsequent suit based on the same transaction and occurrence as required to apply the doctrine of *res judicata*."). Accordingly, the Court must dismiss Plaintiff's fraudulent conveyance claim (Count One).

Plaintiff's remaining claim must also be dismissed. Count Two is an improperly pleaded claim for piercing the corporate veil, which is not an independent cause of action but "rather an equitable remedy designed to remedy a fundamental unfairness perpetrated under the guise of the corporate form." *Chen v. HD Dimension Corp.*, No. 10–863, 2010 WL 4721514 (D.N.J. Nov. 15, 2010); *see also Swift v. Pandey*, No. 13–650, 2013 WL 6054853, at *12 (D.N.J. Nov. 13, 2013) (dismissing with prejudice a claim for piercing the corporate veil because it is "not a distinct cause of action"). Plaintiff cites no case law to support its argument to the contrary.

---

[5] The Court notes that on February 1, 2024, the final report of the Trustee listed Plaintiff Dialectic Distribution's allowed amount of claim, as a creditor in the bankruptcy, as $2,095,528.46 and proposed payment as $174,032.37. (ECF 17-9, Distribution of Settlement Funds, "Ex. 7" at 4.) The bankruptcy court held a hearing on March 6, 2024 where creditors like Plaintiff were welcome to attend. Though not argued by the parties, it is plain in the Third Circuit that "creditors lack standing to assert claims that are 'property of the estate.'" *Bd. of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 169 (3d Cir. 2002). The "estate," as defined in the Bankruptcy Code, includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A cause of action that is "property of the estate" is properly pursued by the bankruptcy trustee because it inures to the benefit of all creditors. *In re Emoral, Inc.*, 740 F.3d 875, 879 (3d Cir. 2014). Here, Plaintiff's cause of action is property of the estate because the claim is a "general one, with no particularized injury arising from it." *Id.* (citing *Foodtown*, 296 F.3d at 170) ("if the claim is specific to the creditor, it is a "personal" one and is a legal or equitable interest only of the creditor. A claim for an injury is personal to the creditor if other creditors generally have no interest in that claim.") Cameo was insolvent at the time of the transfers and owed money to multiple creditors beyond Plaintiff. (*See* Ex. 7.)

10

The Court therefore grants Defendants' motion to dismiss Count Two of the Complaint with prejudice. *See L.E.A.D., Inc. v. Ne. Imp.-Exp., Inc.*, 17-4398, 2018 WL 2317535, at *4 (D.N.J. May 22, 2018) ("the Court finds New Jersey law does not recognize an independent cause of action for piercing the corporate veil") (dismissing claim with prejudice where plaintiff "does not cite any case law to support its argument that piercing the corporate veil is an independent cause of action in New Jersey.").

## IV. LIS PENDENS

Because Plaintiff cannot demonstrate that "there is a probability that final judgment will be entered in favor of the plaintiff sufficient to justify the filing or continuation of the notice of lis pendens[,]" N.J. Stat. Ann. § 2A:15-7(b), this Court must discharge the remaining lis pendens on 367 Lake Avenue, 1633 Holbrook Street, 631 Irving Place, 80 Larking Place, 432 Harnell Avenue, and 451 Harnell Avenue. In light of this, Defendants' motion for reconsideration (ECF 48) is **DISMISSED** as moot.

## V. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (ECF 17) is **GRANTED**. Plaintiff's Complaint is **DISMISSED** with prejudice. *See Ouaziz v. Murphy*, No. 23-2696, 2024 WL 397708, at *5 (D.N.J. Feb. 2, 2024), *aff'd*, 24-1867, 2024 WL 4927256 (3d Cir. Dec. 2, 2024) (dismissing claims barred by res judicata with prejudice). An appropriate order follows.

>   */s/ Jamel K. Semper*
>   **HON. JAMEL K. SEMPER**
>   **United States District Judge**

Orig:   Clerk
cc:     Andre M. Espinosa, U.S.M.J.
        Parties